**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CECLIA TATE,**
Guardian of Adaisyah Coley,
on behalf of Estate of Derick Coley                                    **PLAINITFF**

**V.**                         **CASE NO. 4:20-CV-558-BSM-BD**

**ARKANSAS DEPARTMENT
OF CORRECTIONS,** *et al.*                                            **DEFENDANTS**

**PARTIAL RECOMMENDED DISPOSITION**

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to Judge Brian S. Miller. Any party may file objections if he or she disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. If the parties do not file objections, they may waive any right to appeal questions of fact.

**II.    Discussion:**

A.  Background

On May 26, 2020, attorney Verona Swanigan filed a purported class action civil rights complaint on behalf of 113 inmates in the Cummins Unit of the Arkansas Division of Correction (ADC); the estate of an inmate who died while incarcerated at the

Cummins Unit; and the guardian of the deceased inmate's minor child. Plaintiffs name as Defendants: the Arkansas Department of Corrections; Aundrea Culcalger, Warden of the Cummins Unit; Wendy Kelly, Secretary of the Arkansas Department of Corrections; and Jane and John Does 1-100, correctional officers. All Plaintiff claim that Defendants violated their rights by placing them at an increased risk of exposure to the novel coronavirus (Covid-19) at the Cummins Unit. The Court has consolidated the Plaintiffs' cases. (Doc. No. 2)

For screening purposes, the Plaintiffs have stated federal deliberate-indifference claims and state negligence claims against Defendants Culcalger and Kelley. Their claims against the Arkansas Department of Corrections, as well their claims for money damages against Defendants in their official capacities, however, should be DISMISSED, with prejudice. In addition, Plaintiffs' claims arising from ADC officials' alleged interference with legal mail and ADC officials' alleged failure to properly process grievances should be dismissed, without prejudice.

B. Analysis

1. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints that seek relief from a government entities, officers, or employees. 28 U.S.C. § 1915A(a). The Court must dismiss any claim—prior to service of process—that demands monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

2. The Arkansas Department of Corrections

In their complaint, Plaintiffs name the ADC as a Defendant. The ADC, however, cannot be sued in a civil rights case such as this. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Brown v. Mo. Dep't of Corrs.*, 353 F.3d 1038, 1041 (8th Cir. 2004) (the state and its agencies, including a department of correction, are not "persons" that can be sued under § 1983 for damages or injunctive relief.) Therefore, the Plaintiffs' claims against the ADC must be dismissed.

3. Sovereign Immunity

Plaintiffs sue the Defendants in both their individual and official capacities. (Doc. No. 1 at p.9) Plaintiffs' claims for money damages from Defendants in their official capacities are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Official-capacity claims against Defendants should be dismissed.

4. Interference with Legal Mail

In their complaint, Plaintiffs allege that Defendants refused to deliver their legal mail from April 27 through May 4, 2020, thus violating both their right to counsel[1] and their due process rights. (Doc. No. 1 at p.11) In addition, they claim that Defendants

---

[1] The Sixth Amendment right to counsel prohibits prison officials from opening privileged mail outside the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Here, however, Plaintiffs do not allege that any Defendant opened any privileged, legal mail outside their presence.

denied them access to a notary and failed to properly process their legal mail. (Doc. No. 1 at p.18)

A claim that an official denied a prisoner access to the courts requires a showing that an official impeded the prisoner from accessing the courts and that the official's conduct *actually injured* the prisoner's ability to pursue a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this context, *actual injury* means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); see also *Klinger v. Dep't. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Here, Plaintiffs have not alleged that they suffered any injury as a result of the delay or interference with delivery of their mail.

5.  Access to the Inmate Grievance Procedure

Plaintiffs claim that Defendants violated their due process rights by failing to timely process and review their grievances. They allege that Defendants interfered with their attempts to exhaust their administrative remedies and did not respond to their grievances "quickly enough to prevent Plaintiffs from becoming infected with Covid-19." (Doc. No. 1 at pp.12-13)

Under settled laws, inmates have no constitutional right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Therefore, a prison official's failure to properly process or

respond to a grievance, standing alone, is not actionable under § 1983.[2] Furthermore, a prison official's failure to abide by prison policy and procedure is not a matter that rises to the level of a constitutional violation.

## III. Conclusion:

The Court recommends that the Plaintiffs' claims against the ADC be DISMISSED, with prejudice. Their claims for money damages against Defendants in their official capacities should also be DISMISSED, with prejudice. The Plaintiffs' claims for denial of access to the courts and their claims of denial of access to the grievance procedure should be DISMISSED, without prejudice.

DATED, this 5th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If Defendants later argue that the Plaintiffs failed to fully exhaust their administrative remedies regarding their deliberate-indifference claims, the Plaintiffs' lack of access to the inmate grievance procedure would be relevant in determining whether the grievance procedure was available to them.